Vazquez v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand fifteen.

PRESENT:
>
> AMALYA L. KEARSE,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

FRANKLIN VAZQUEZ, AKA Franklin Emilio Vazquez, AKA Franklin E. Vazquez,
>
> *Petitioner,*

v.

LORETTA E. LYNCH, United States Attorney General,*
>
> *Respondent.*

14-4291-ag

---

FOR PETITIONER:
Tanya T. Dorman, Dorman Law Firm, LLC, Hartford, Connecticut.[1]

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

1 Tanya T. Dorman submitted a brief in support of the petition for review, but on

FOR RESPONDENT:  Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Terri J. Scadron, Assistant Director; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision entered on October 17, 2012, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Franklin Vazquez, a native and citizen of Ecuador, seeks review of an October 17, 2014 BIA decision upholding a December 17, 2012 Immigration Judge ("IJ") decision denying Vazquez a continuance and ordering him removed. See In re Franklin Vazquez, No. A200 689 126 (B.I.A. Oct. 17, 2014), upholding No. A200 689 126 (Immig. Ct. Hartford Dec. 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny review.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decisions. See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008). We review an IJ's denial of a continuance for abuse of discretion, see Sanusi v. Gonzales, 445 F.3d 193, 199 (2d Cir. 2006), utilizing a "highly deferential standard," Morgan v. Gonzales, 445 F.3d 549, 551 (2d Cir. 2006). An abuse of discretion occurs when an IJ's "decision rests on an

November 19, 2015, this court granted Dorman's motion to withdraw as Vazquez's counsel.

2

error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding," or "his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." Id. at 551−52 (alterations and internal quotation marks omitted). We identify no such abuse here. The IJ recognized that Vazquez's wife's pregnancy was a "sympathetic factor[]." Hr'g Tr., Dec. 17, 2012, at 46. Nevertheless, his decision not to grant Vazquez a sixth continuance in a proceeding begun nearly two years earlier was well within the range of permissible decisions. See Sanusi v. Gonzales, 445 F.3d at 198−200 (holding that IJ's denial of third continuance was not abuse of discretion).[2]

Nor has Vazquez identified a due process violation. To establish such a violation, Vazquez must show that he was "denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). Further, he must "allege some cognizable prejudice fairly attributable to the challenged process." Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

---

[2] Although, the government represented that this was Vazquez's fifth requested continuance, in April 2011, an IJ granted Vazquez a ten-month "continuance" to seek counsel. Thus, we construe Vazquez's request as for a sixth, rather than fifth, continuance.

3

Vazquez cannot carry this burden because the record demonstrates that he had a full and fair opportunity to apply for voluntary departure. The possibility of voluntary departure was first raised in April 2012. On August 30, 2012, Vazquez's counsel represented that he would be ready to pursue voluntary departure on September 10, 2012. When, on September 10, 2012, the IJ granted Vazquez's substitute counsel a 30-day continuance, the IJ stated, and counsel confirmed, that the voluntary departure issue would be addressed at the next appearance. Three months later, on December 17, 2012, Vazquez was given the chance to confer with his attorney regarding voluntary departure and specifically chose not to apply. These circumstances preclude a claim of insufficient notice and opportunity to seek voluntary departure.

Nor has Vazquez shown prejudice. Vazquez has not shown that he was eligible for voluntary departure or that the agency was likely to grant such discretionary relief. Further, insofar as Vazquez requested a further continuance so that his departure would take place after his wife gave birth; as the BIA noted, the 16-month pendency of his appeal gave him more time than he requested.

We have considered petitioner's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4